Robert Maggart, Appellee, v. Peoria Railway Company, Appellant.

Gen. No. 5,733.

1. CARRIERS—*injury from starting car.* Plaintiff alleged and testified that while alighting from defendant's street car, he was thrown to the pavement and injured because of the car suddenly starting. The conductor and another passenger testified that plaintiff, after getting off from the car in safety, took several steps and then stumbled over an obstruction in the street. *Held,* that a verdict for plaintiff would be sustained.

2. EVIDENCE—*weight not necessarily dependent on number of witnesses.* Where the plaintiff is the sole witness on his side as to an accident, and his testimony is contradicted by two witnesses, it does not necessarily follow that the jury must believe the two in preference to the one, as the demeanor of the two may have inspired less confidence.

3. DAMAGES—*verdict for $1,375 for broken leg not excessive.* Plaintiff, an insurance solicitor, had earned on an average $275 per month. Owing to an accident, in which he broke his leg, he was wholly incapacitated for three and a half months, and unable to work more than one-fourth of the time for the next two months. He also incurred hospital and surgeon's bills for $82.50 and endured pain and suffering. *Held,* that a verdict for $1,375 was not excessive.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

PINKNEY & McROBERTS, for appellant.

WOLFENBARGER & MAY, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee was a passenger on a street car operated by appellant. He was to alight at a certain cross street to transfer to another street car operated by appellant. The car stopped a few feet from the intersection and he got off. He fell and broke his leg.

He sued appellant to recover damages for the injuries which he received. He alleged in his declaration that as he was about to alight after the car had been stopped for that purpose, it was suddenly started without warning and he was thereby thrown to the pavement and injured. On a jury trial he had a verdict and a judgment for $1,375. Defendant below appeals therefrom.

The testimony of appellee sustained his declaration. The conductor testified for appellant that appellee got off the car in safety and took several steps and then stumbled over an obstruction in the street, due to its being repaired there, and fell. A passenger corroborated the conductor. There were some circumstances which appellant contends corroborate its witnesses. Appellee points out apparent contradictions between these witnesses, and there was evidence, both that the street was being repaired where appellee alighted and that it was not being repaired and was not obstructed at that particular place. Appellant contends that the jury should have believed its two witnesses and should not have believed appellee, and that the verdict is against the greater weight of the evidence and that, for that reason, a new trial should have been awarded. It does not necessarily follow that where there is one witness on one side and two on the other, the jury must believe the two in preference to the one. The jury may have seen that in the demeanor of the conductor and the passenger which caused it to put less confidence in their testimony than in that of appellee. The trial judge should have granted a new trial if in his opinion the evidence clearly preponderated against the appellee. By denying the motion for a new trial, the trial judge has approved the verdict. We find nothing in the record which would warrant us in holding that his decision on that motion was erroneous.

It is contended that the damages awarded are excessive. The proof is that appellee was an insurance

solicitor for a company in Peoria and that he earned on an average $275 per month; that for three and a half months after the injury he was wholly incapacitated for this business, and that for the next two months he was unable to work more than one-fourth of the time; that he incurred a hospital bill of $57.50 and a physician and surgeon's bill of $25, and that he also endured pain and suffering. The amount of his average earnings was susceptible of easy contradiction by calling the officers of the company for which he worked, if he misstated the amount. There was no contradiction as to this loss.

Other errors are assigned, but they are not argued and they are therefore waived.

The judgment is affirmed.

*Affirmed.*